IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:12CR232 |
| | § | |
| OSWALDA TIBURCIA HERRERA (02) | § | |
| LUIS CARLOS HERNANDEZ (03) | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTIONS IN LIMINE CONCERNING EXPERT WITNESS TESTIMONY

The following are pending before the court:

1. Government's expert witness notice (docket entry #61);

2. Government's amended expert witness notice (docket entry #73);

3. Defendant Hernandez's pre-trial objection and motion in limine regarding Government expert testimony (docket entry #57);

4. Defendants' joint motion in limine to exclude testimony of Phillip Campbell (docket entry #70); and

5. Government's response to Defendants' motion in limine to exclude testimony of Phillip Campbell (docket entry #74).

Having considered the Defendants' motions and the Government's response, the court finds that the motions should be denied.

On March 15, 2013, the Government filed its expert witness notice. The Government advised the court that it might call Immigration and Customs Enforcement Special Agent Phillip Campbell as an expert witness. The Government notified the court that Special Agent Campbell, if called as a witness, will testify about alien smuggling organizations.

On March 28, 2013, the Government filed its amended expert witness notice. The

-1-

Government advised the court that it might call Immigration and Customs Enforcement Special Agent Robert Hlavac as an expert witness. The Government notified the court that Special Agent Hlavac, if called as a witness, will testify about the following:

> [H]ow alien smuggling organizations work, the structure of alien smuggling organizations, the hierarchy of alien smuggling organizations and the leadership in alien smuggling organizations; the manner in which payment is made for the transportation/bringing in of illegal aliens; the methods which smugglers use to house aliens within the United States, and the methods smugglers employ to transport aliens within the United States. His testimony will include explanations of the typical life-cycle of the alien smuggling crime from the time that the alien retains the services of the alien smuggler, her journey to the border of the United States, her crossing into the United States, her transportation and housing at a stash house, her eventual transport from the stash house to her final destination, and the manner in which she is required to make payments at each step along the way.

On March 15, 2013, Defendant Hernandez filed his objection to the Government's expert witness notice. In his objection, Defendant Hernandez argues that pursuant to FED. R. EVID. 403, the probative value of any testimony concerning human trafficking and smuggling methods, payment arrangements, commonly used border crossing methods, methods of avoiding immigration checkpoints, basic immigration documents and the use of stash houses to hold illegal aliens is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Defendant Hernandez contends that the discovery provided to him by the Government did not reveal that he was involved with ALG's (the alien named in the superseding indictment) entry into the United States.

On March 25, 2013, the Defendants filed a joint motion in limine seeking to exclude the noticed expert witness testimony. The Defendants argue that the Government's expert witness's testimony does not comport with the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

Recently, the Fifth Circuit, in a published opinion, considered whether expert testimony

about illegal alien trafficking constitutes impermissible profile testimony. *United States v. Montes-Salas*, 669 F.3d 240 (5th Cir. 2012). The Fifth Circuit opined as follows:

> As with drug trafficking, however, we believe "there is a fine but critical line between expert testimony concerning methods of operation unique to the [alien smuggling] business, and testimony comparing a defendant's conduct to [a] generic profile" of someone engaged in that business.

*Id*. at 250 (citation omitted). If the overall context of the expert witness's testimony establishes that the statements were part of the witness's "'legitimate background testimony' about how an alien trafficking operation works", the testimony is admissible. *Id*. (citation omitted). The Fifth Circuit continued:

> The average juror may not be aware that illegal alien traffickers use "multiple bailouts" and "stash houses" and is likely unfamiliar with the different roles of guides, drivers, and recruiters in an illegal alien trafficking operation. It was permissible for the agents to convey their "specialized knowledge . . . gained through their experience in apprehending [illegal alien traffickers] who ha[d] . . . crossed the border."

*Id*. (citations omitted).

It is critical to note that "an expert in a criminal case may not offer 'an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged.'" *United States v. Hernandez-Acuna*, 202 Fed. Appx. 736, 739 (5th Cir. 2006), citing FED. R. EVID. 704(b). "The defendant's mental state is an issue for the trier of fact alone." *Id*. "An expert witness may violate Rule 704(b) by either explicitly offering an opinion as to the defendant's state of mind or by giving the functional equivalent of such a statement." *Id*. (citation omitted). In sum, "[i]f expert testimony would be helpful in assisting the trier of fact in understanding the evidence, background testimony by an expert familiar with the methods of transporting and smuggling illegal aliens is permitted, so long as the testimony does not comment

on the defendant's mental state." *Id*. at 741 (citation omitted).

Based on the foregoing, the court finds that the Government may offer expert witness testimony concerning the transporting and smuggling of illegal aliens. The Government, however, many not elicit expert witness testimony that would comment on the defendants' mental state. Accordingly, Defendant Hernandez's pre-trial objection and motion in limine regarding Government expert testimony (docket entry #57) and Defendants' joint motion in limine to exclude testimony of Phillip Campbell (docket entry #70) are hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 12th day of April, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE